[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This is a paternity action. After a jury trial, the respondent was determined to be the father of a child born to the petitioner November 12, 1982, so that child is now nine years old. After the jury trial, the question of support was reserved and assigned for a hearing in damages. The respondent married in October, 1989, and a child of that marriage was born in December, 1990. The petitioner is the sole custodial parent of the child who is the subject of this action. The respondent is the joint custodial parent, with his wife, of the child of the marriage.
Neither party is in affluent circumstances. The respondent, in anticipation of the marriage, bought a house, incurring a substantial mortgage debt, which because of the real estate market exceeds the present market value of the homes. The petitioner also bought a home in which she now has a minimal equity. The respondent incurred substantial credit card indebtedness in furnishing the home. He has turned in his credit cards but is under a weekly payment schedule exceeding $100 per week. The respondent owns two cars, one of which is used by his wife, and the petitioner owns one car. Each has only a minimal equity in the cars. The petitioner has a net weekly wage, after the allowable deductions, of $427.01; the respondent has a net weekly wage, after the allowable deductions of $370.43.
The net weekly income of both petitioner and respondent, rounded off, is $800. As the respondent is charged with contributing support to two children, the guidelines indicate that between the petitioner and the respondent that is $324 per week total child support. Taking into consideration their respective net weekly incomes, the petitioner should contribute 54% or $174.96 and the respondent 46% or $149.04. As this is to be divided among two children, the respondent's share for the child who is the subject of this action is $74.52, rounded off to $75.00. CT Page 4756
It is indeed unfortunate that the respondent used credit cards which, short of borrowing from a bookie, are the most expensive means of financing his purchases of the furnishings for his home, but that is water over the dam. I recognize that child support has a very high priority, but I must be realistic and realize that an order of $75 per week will inevitably result in an endless series of contempt citations until the respondent finally bites the bullet and rids himself of his credit card obligations by the bankruptcy route. Therefore, under the particular circumstances of this case, I feel justified in departing from the guidelines by ordering support at the rate of $50 per week.
The respondent has not contributed anything to either support or lying-in expense. There is absolutely no evidence before me from which I can even begin to conclude what those items amount to. All that I know is that the petitioner received sufficient funds from a personal injury claim to permit her to repay the State for amounts that she had received, or had been paid for her benefit, under the AFDC program, but how much more, if any, is a complete mystery. Therefore all I can award for these items are nominal damages, or $100. This is to be paid at the rate of $5 per week commencing one week after distribution of this memorandum.
The petitioner required extensive legal services in prosecuting this action. Her attorneys have submitted a statement itemizing services of about $9,000. This is a very substantial charge for a paternity action, but I have to realize that much of it resulted from the respondent's insistence on a jury trial even after he was aware that the results of a blood test involving DNA analysis indicated a 99.93% probability that he was the father and the odds that he was the father were 1,471 to 1. However, I must face up to the fact that one cannot get blood out of a stone, and although I find the $9,000 bill reasonable under the circumstances, it would be unrealistic to hold him responsible for more than half of that, or $4,500, and he is to pay that the rate of $5.00 per week. Such order is to be effective six months after the clerk distributes copies of this memorandum.
As to support, the respondent is to pay $50.00 per week effective on the date of the jury verdict, April 14, 1992. The full weekly order is to be paid starting one week after the distribution of this memorandum. The accumulated arrearage since April 14 is to be paid at the rate of $5 per week, starting on the same date.
At the opening of the hearing, the parties stipulated as to various matters and I find those stipulations to be reasonable and I approve them. CT Page 4757
The respondent is to add both the child who is the subject of this action and the child of the marriage to his medical insurance as primary insurer. The applicant is to add her child to her medical insurance as secondary insurer. Pursuant to Connecticut General Statutes 46b-84 (c) the signature of the custodial parent of the child subject of this action, in this case the petitioner, shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of medical services or to the custodial parent. The applicant is responsible for providing the insurer with a certified copy of this order. The other provision of the statute shall apply but as they do not involve third parties, they need not be set forth here.
Excess medical and dental costs, such as reasonably necessary prescriptions, glasses and like items shall be shared equally by the parties. The respondent and his wife are to execute authorizations for the applicant's attorney to obtain copies of their tax returns for the last two years.
An immediate wage withholding order may issue.
I appreciate that the addition of the children to the medical insurance will reduce the net weekly wages of the respondent and the net weekly income of both parties and will therefore reduce to some extent the computation of the support award, but there is no evidence as to how much that will be. Hopefully it will be minimal.
J. HEALEY, STR.